FILED
U.S. DIST. COURT
BRUNSWICK DIV.

2005 JUL 19 A 9 50

CLERK
_____
____ OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

DERRICK SMITH,

   Petitioner,

vs.            CIVIL ACTION NO. CV205-051

UNITED STATES DISTRICT COURT,
MIDDLE DISTRICT OF FLORIDA,
JACKSONVILLE DIVISION, and
JOSE VASQUEZ, Warden,

   Respondents.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Derrick Smith ("Smith"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C.A. § 2241. Respondent filed a Motion to Dismiss, and Petitioner has filed a Response. For the reasons which follow, Respondent's Motion to Dismiss should be **GRANTED**.

## STATEMENT OF THE CASE

Smith pleaded guilty to conspiracy to distribute cocaine and cocaine base, in violation of 21 U.S.C.A. § 846, in the Middle District of Florida. Smith was sentenced on October 26, 2000, to 360 months' imprisonment, 5 years' supervised release, and a $100.00 special assessment was imposed. (M.D. Fla. 3:99-cr-00245, Doc. No. 167.) Smith filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Smith, 263 F.3d 170 (11th Cir. 2001)(Table).

The United States Supreme Court denied Smith's petition for writ of certiorari on June 28, 2002. United States v. Smith, 536 U.S. 964, 122 S. Ct. 2674 (2002).

Smith filed a motion for modification and reduction of sentence on January 15, 2001, which the District Court for the Middle District of Florida denied on February 28, 2003. (3:99-cr-00245, Doc. Nos. 211 and 221.) On July 14, 2003, Smith filed a motion to vacate his sentence pursuant to 28 U.S.C.A. § 2255. (3:99-cr-00245, Doc. No. 240.) The district court dismissed that motion on July 18, 2003, as untimely filed. (M.D. Fla. 3:03-cv-577, Doc. No. 4.) Smith then filed a motion for a new trial pursuant to FED. R. CRIM. P. 33 on January 22, 2004, as well has a motion to withdraw his guilty plea based upon "newly discovered evidence" on February 3, 2004. (3:99-cr-00245, Doc. Nos. 247 and 248.) Both of these motions were denied on April 2, 2004. (3:99-cr-00245, Doc. Nos. 252 and 253.) Smith filed another motion to vacate his sentence pursuant to section 2255 on February 4, 2005. (M.D. Fla. 3:05-cv-122.) In that motion, Smith asserted that the district court misapplied Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed.2d 435 (2000), and Blakely v. Washington, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004), which required him to be resentenced; his supervised release should be vacated because his Fifth and Sixth Amendment rights were violated; he was denied effective assistance of counsel; and his conviction was obtained by a guilty plea, which he did not enter into voluntarily with an understanding of the nature of the charge and consequence of the plea. (3:05-cv-122, Doc. No. 1, pp. 5-6.) The District Court for the Middle District

AO 72A
(Rev. 8/82)

of Florida dismissed Smith's motion because he failed to have permission to file a successive § 2255. (Gov't's Ex. B.)[1]

In his instant petition, Smith raises four issues. Smith contends that the district court misapplied Apprendi. Smith alleges that his supervised release should be vacated due to the deprivation of his Fifth and Sixth Amendment rights based on an erroneous application and interpretation of a statute. Smith also alleges that he was denied effective assistance of counsel. Finally, Smith alleges that his conviction was obtained by a plea of guilty which was not made voluntarily with an understanding of the charge and consequences of his plea. (Pet., pp. 3-4.) Smith asserts that he is adopting the entire "issues, facts, evidence, Appendix, and memorandum and arguments submitted" with his section 2255 motion as the bases of his petition. (Pet., p. 4.)

Respondent avers that Smith's petition fails for two (2) reasons and should be dismissed. First, Respondent contends that Smith has not shown that he is entitled to use section 2255's savings clause. Second, Respondent contends that although Blakely applies to the federal sentencing guidelines, neither Blakely nor Booker v. United States, ___ U.S. ___, 125 S. Ct. 738, 160 L. Ed.2d 621 (2005), applies retroactively to cases on collateral review. (Mot. to Dismiss, p. 3.)

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, a petition collaterally attacking a conviction is filed under 28 U.S.C.A. § 2255 in the district of conviction. 28 U.S.C.A. § 2255; Sawyer v. Holder, 326 F.3d 1363,

---

[1] In addition, Smith filed a previous petition for writ of habeas corpus pursuant to section 2241 in this Court on May 5, 2004. In that petition, Smith contended that he is innocent of distributing the quantity of drugs necessary to receive his sentence and of the two-point firearm enhancement. He also contended that, if he were granted his requested relief, he would be entitled to immediate release, and the length of his supervised release would be reduced.

3

1365 (11th Cir. 2003). However, in those instances where a section 2241 petition attacking custody resulting from a federally imposed sentence is filed, those § 2241 petitions may be entertained where the petitioner establishes that the remedy provided under 28 U.S.C.A. § 2255 "is inadequate or ineffective to test the legality of his detention." Wofford v. Scott, 177 F.3d 1236, 1238 (11th Cir. 1999). Section 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C.A. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C.A. § 2255, ¶ 5 (emphasis supplied). The petitioner bears the initial burden of presenting evidence that affirmatively shows the inadequacy or ineffectiveness of the § 2255 remedy. Accardi v. Blackwell, 412 F.2d 911, 914 (5th Cir. 1969).[2]

Smith has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C.A. § 2241. He contends that the remedy afforded under section 2255 is inadequate or ineffective to test the legality of his detention because he is raising claims which were not available until June 24, 2004, and January 12, 2005. Smith also contends that the district court (the court of his conviction) lacks jurisdiction to grant him relief pursuant to section 2255 because he has filed a previous section 2255 motion. (Pet., p. 7.) Smith asserts that no other court can correct the manner in which his sentence was executed, which leaves this Court as his only avenue to pursue his requested remedy. (Doc. No. 5, p. 4.)

---

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

4

Courts which have addressed whether remedies under § 2255 are inadequate or ineffective have found them to be so in very limited circumstances. See In re Dorsainvil, 119 F.3d 245, 248-49 (3d Cir. 1997) (holding that § 2255 remedy inadequate when intervening change in law decriminalizes conduct and petitioner is barred from filing successive petition); Cohen v. United States, 593 F.2d 766, 771 n.12 (6th Cir. 1979) (holding that § 2255 remedy ineffective where petitioner was sentenced by three courts, none of which could grant complete relief); Stirone v. Markley, 345 F.2d 473, 475 (7th Cir. 1963) (explaining that § 2255 remedy potentially ineffective where sentencing court refused to consider a § 2255 petition or unreasonably delayed consideration of petition); Spaulding v. Taylor, 336 F.2d 192, 193 (10th Cir. 1964) (holding that § 2255 remedy ineffective when sentencing court was abolished). None of the circumstances of these cases exists in the case *sub judice*.[3]

To successfully use a § 2241 petition to circumvent the procedural restrictions of a § 2255 motion, a petitioner must satisfy the savings clause of § 2255. The savings clause of § 2255:

> applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Wofford, 177 F.3d at 1244.

---

[3] Smith arguably meets the circumstance described in Stirone, i.e., that section 2255's remedy was potentially ineffective because the sentencing court "refused" to consider his § 2255 motion. However, a review of the Order entered by the Honorable Henry Lee Adams, Jr., on February 14, 2005, reveals that Smith was informed that the Middle District of Florida courts lacked jurisdiction to entertain his section 2255 because the Eleventh Circuit Court of Appeals did not grant Smith authorization to file a successive § 2255 motion. (Gov't's Ex. B.) This is not the same as that court refusing to review Smith's section 2255 motion filed on February 4, 2005.

5

Smith largely bases the claims set forth in his petition on the Supreme Court's decisions in Blakely and Booker. However, the Supreme Court has not made its decisions in Blakely[4] and Booker retroactively applicable to cases on collateral review to allow for the filing of a second or successive section 2255 motion. Varela v. United States, 400 F.3d 864, 867 (2005); In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004). Smith asserts that he timely raised Apprendi during his sentencing proceedings and on direct appeal. Smith also asserts that Blakely clarified Apprendi, and "all that was required for the applicability of Apprendi . . . was that Blakely be applied to [t]he Federal Sentencing Guidelines. The United States Supreme Court applied Blakely to the Federal [S]entencing Guidelines on January 12, 2005." (Doc. No. 5, p. 3 & n.1.) This is the date Booker was decided; Smith recognizes that this decision is not retroactively applicable to cases on collateral review in light of the Eleventh Circuit's decision in Varela. Smith was sentenced in the Middle District of Florida on October 26, 2000; his conviction became final on June 28, 2002, the date the Supreme Court denied his petition for certiorari. Blakely was decided on June 24, 2004, and Booker was decided on January 12, 2005. To allow Smith to have his requested relief pursuant to Blakely and Booker would constitute a "new rule" under Teague v. Lane, 489 U.S. 288, 109 S. Ct. 1060, 103 L. Ed.2d 334 (1989). A new rule is not applied retroactively to cases on collateral review for purposes of authorizing a second or successive § 2255 motion until the Supreme Court expressly states that it should be

---

[4] In Blakely, the Supreme Court "revisited the rule in Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 2362-63, 147 L. Ed.2d 435 (2000), which held that 'other than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to the jury and proved beyond a reasonable doubt.'" In re Dean, 375 F.3d 1287, 1289 (11th Cir. 2004) (quoting Blakely, ___ U.S. at ___, 124 S. Ct. at 2536) (emphasis added). Smith has not demonstrated that he was sentenced beyond the statutory maximum penalty for his offense.

AO 72A
(Rev. 8/82)

applied retroactively. Dean, 375 F. 3d at 1290 (citing Tyler v. Cain, 533 U.S. 656, 662-63, 121 S. Ct. 2478, 2482, 150 L. Ed.2d 632 (2001)).

In addition, Smith filed at least one previous section 2255 motion in which he asserted precisely the same contentions as he does in the instant petition. Simply because the court in this previously filed matter lacked jurisdiction to address Smith's claims does not render section 2255's remedy inadequate or ineffective. Smith has not satisfied the requirements of § 2255's savings clause. See Wofford, 177 F.3d at 1244. Furthermore, if this Court were to review the merits of Smith's allegations, he has not shown that the Middle District of Florida court sentenced him beyond the statutory maximum. Apprendi and its progeny, therefore, are inapplicable to his claims. Smith cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. "[W]hen a federal prisoner's claims fall within the ambit of § 2255, the prisoner is subject to that section's restrictions." Medberry v. Crosby, 351 F.3d 1049, 1061 (11th Cir. 2003). Smith is doing nothing more than "attempting to use § 2241... to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss (Doc. No. 4) be **GRANTED**, and Smith's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C.A. § 2241, be **DISMISSED**.

**SO REPORTED and RECOMMENDED**, this 19th day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

7

# United States District Court
## Southern District of Georgia

SMITH

vs

US DISTRICT COURT, ET AL

CASE NUMBER CV205-51

DIVISION BRUNSWICK

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope, and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 7/19/05, which is part of the official record of this case.

Date of Mailing: 7/19/05

Date of Certificate [X] same date, or _____

Scott L. Poff, Clerk

By: _____
Sherry Taylor, Deputy Clerk

**Name and Address**

Amy Copeland
Derrick Smith, 28607-018, FCI Jesup, 2680 Highway 301 S, Jesup, GA 31599

☐ Copy placed in Minutes
☐ Copy given to Judge
[X] Copy given to Magistrate